Paul W. Jones, #11688
STOEL RIVES, LLP
4766 South Holladay Blvd
Salt Lake City, Utah 84117
Telephone: (801) 930-5101
Fax: (801) 606-7714
*Attorneys for the Petitioner*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DCL16BLT INC.,<br><br>　　　　　Petitioner<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendants | **PETITION TO QUASH SUMMONSES**<br><br>Case No.<br><br>Judge: |

PETITIONER, through their attorney, respectfully petitions this Court for an order quashing the Internal Revenue Service ("IRS") third-party Summonses served on Millard County Credit Union ("MCCU"), Zions Bank ("Zions"), and Wells Fargo ("WF") in the matter of DCL16BLT Inc. ("DCL") for the calendar years ending December 31, 2013 and December 31, 2014.

In support of this Petition, Petitioner alleges as follows:

**I. JURISDICTION**

1.　This is an action to quash three third-party Summonses brought under 26 U.S.C. Section (hereinafter referred to as "Section") 7609(b)(2). Respondent is the United States of America. This Court has jurisdiction to hear and determine this proceeding under Section 7609(h)(1), 12 U.S.C. § 3416, and 28 U.S.C. § 1340.

2. MCCU, the summoned party, has offices in Fillmore and Delta, Utah, and maintains its Utah registered agent's address at 40 S First W Fillmore, UT 84631, which is within the District of Utah. Accordingly, venue is proper with this Court under Section 7609(h)(1).

3. Zions, the summoned party, has offices in various counties in the State of Utah, and maintains its Utah registered agent's address at One S Main 2nd Floor, Salt Lake City, Utah 84113, which is within the District of Utah. Accordingly, venue is proper with this Court under Section 7609(h)(1).

4. WF, a summoned party, has offices in Salt Lake City, Utah and maintains its Utah registered agent's address at 10 E South Temple, Ste. 850, Salt Lake City, Utah 84133, which is within the District of Utah. Accordingly, venue is proper with this Court under Section 7609(h)(1).

5. This proceeding to quash was brought timely after Petitioner received notice of the Summonses by receipt of the same from the IRS on June 23, 2016.

6. A copy of the Summonses is attached hereto as Exhibit A.

**II. RELEVANT FACTS**

7. DCL is a Wyoming corporation whose principle place of business is Delta, Utah.

8. The Internal Revenue Service commenced an examination of DCL's income tax return for the calendar years ending December 31, 2013 and December 31, 2014.

9. As a part of that examination the examiner, Joel Zielke, sent a summonses dated June 16, 2016 to MCCU, Zions, and WF, the same as is shown in Exhibit A, (the "Summonses") requesting the following:

> Please produce for examination copies of signature cards, monthly bank statements, bank deposit slips, deposit items, credit memos, cancelled checks, and debit memos drawn on accounts which DCLI6BLT Inc (TIN # [redacted]), or its wholly owned limited liability company, RaPower-3 LLC (TIN# [redacted]) owns for the period December 2012 - January 2015.

10. The Summonses requires MCCU, Zions, and WF to produce the requested information by July 15, 2016 by appearance or in the alternative to mail the requested information to Mr. Zielke.

11. Neither the IRS, nor Mr. Zielke provided any type of notice of the Summonses to the petitioner or RaPower-3, LLC, an account holder that is affected by the Summonses prior to the issuance of the Summonses.

### III. ARGUMENT

**A. The IRS Failed to Comply with the Right to Financial Privacy Act**.

12. In general, the Right to Financial Privacy Act "RFPA"[1] requires that account owners be given notice of, and an opportunity to challenge, a government agency's intent to obtain records of their finances from a financial institution.[2]

13. In the case of *Neece v. Internal Revenue Service*, 922 F.2d 573 (10th Cir. 1990) the Tenth Circuit Court of Appeals ruled that a bank's voluntary disclosure of a customer's financial records to the IRS, without prior notice to the customer, violated the RFPA.

14. In this case it is undisputed that the Summonses were issued to MCCU, Zions, and WF prior any notice being given to the separate taxpayer RaPower-3 LLC, who is not a party to these Summonses, but whose information is being sought by them. As such, the IRS has violated the RFPA and in so doing failed to follow the law in issuing the Summons.

15. Further, the Summonses seek the identified information from the accounts of a separate taxpayer—Ra-Power3, LLC. The IRS has failed to provide required notice to Ra-Power3, LLC.

---

[1] 12 U.S.C. § 3401 et seq.
[2] See specifically 12 U.S.C. § 3402

16.     12 U.S.C. § 3403(b) states, "A financial institution shall not release the financial records of a customer until the Government authority seeking such records certifies in writing to the financial institution that it has complied with the applicable provisions of this chapter."

17.     No 12 U.S.C. § 3403(b) certification was sent to MCCU, Zions, and WF by the IRS or any other Government authority.

18.     The IRS wholly failed to comply with any of the provisions required by 12 U.S.C. § 3405 as to the Summons. See Exhibit A.

19.     12 U.S.C. § 3405 states (emphasis added):

A Government authority may obtain financial records under section 3402(2) of this title pursuant to an administrative subpoena or summons otherwise authorized by law <u>only if</u>-

(1)     there is reason to believe that the records sought are relevant to a legitimate law enforcement inquiry;

(2)     <u>a copy of the subpoena or summons has been served</u> upon the customer or mailed to his last known address <u>on or before</u> the date on which the subpoena or summons was served on the financial institution <u>together with the following notice</u> which shall state with reasonable specificity the nature of the law enforcement inquiry:

"Records or information concerning your transactions held by the financial institution named in the attached subpoena or summons are being sought by this (agency or department) in accordance with the Right to Financial Privacy Act of 1978 [ 12 U.S.C. 3401 et seq.] for the following purpose: If you desire that such records or information not be made available, you must:

1.     "Fill out the accompanying motion paper and sworn statement or write one of your own, stating that you are the customer whose records are being requested by the Government and either giving the reasons you believe that the records are not relevant to the legitimate law enforcement inquiry stated in this notice or any other legal basis for objecting to the release of the records.
2.     "File the motion and statement by mailing or delivering them to the clerk of any one of the following United States district courts:
        .

    3. "Serve the Government authority requesting the records by mailing or delivering a copy of your motion and statement to
    .

    4. "Be prepared to come to court and present your position in further detail.

    5. "You do not need to have a lawyer, although you may wish to employ one to represent you and protect your rights.

    If you do not follow the above procedures, upon the expiration of ten days from the date of service or fourteen days from the date of mailing of this notice, the records or information requested therein will be made available. These records may be transferred to other Government authorities for legitimate law enforcement inquiries, in which event you will be notified after the transfer."; and

(3) <u>ten days have expired from the date of service of the notice or fourteen days have expired from the date of mailing the notice to the customer and within such time period the customer has not filed a sworn statement and motion to quash in an appropriate court, or the customer challenge provisions of section 3410 of this title have been complied with</u>.

20. The petitioner is a "person" as that term is defined in 12 U.S.C. § 3401.

21. RaPower-3 LLC is a "person" as that term is defined in 12 U.S.C. § 3401.

22. MCCU, Zions, and WF are each, independently, a "financial institution" as that term is defined in 12 U.S.C. § 3401.

23. The Summonses are each, independently, seeking "financial record[s]" as that term is defined in 12 U.S.C. § 3401.

24. Because the IRS failed to follow the procedures required by the RFPA the Summonses should be quashed.

25. Additionally, because of this failure the Court should award the civil penalties to the taxpayers that are allowed pursuant to 12 U.S.C. § 3417(a).

    **B. THE IRS ALREADY POSSESSES THE DOCUMENTS IT HAS SUMMONSED FROM ZIONS BANK**

26. Under the *Powell* criteria, the IRS may not summon information it already possesses. *Powell*, 379 U.S. at 57–58.

27. If the IRS had a previous opportunity to examine the relevant records in detail and copy them, a court may infer that the IRS in fact possesses the records and quash the summons. See *United States v. Pritchard*, 438 F.2d 969 (5th Cir. 1971).

28. In this case the IRS summoned MCCU, Zions, and WF in a related proceeding of a signer the accounts of DCL—Neldon Johnson.

29. In that previously issued summons sent to Zions from IRS the IRS requested the same information sought in the Summons issued to DCL.

30. The previous Zions Banks summons requested the same information from "…Neldon Johnson (TIN# [Redacted]) or Glenda Johnson (TIN # [Redacted]) either owns or is a signer…". DCL is included in that broad language.

31. No objection was made to that summons and information for DCL was sent to the IRS by Zions Bank.

32. To the extent information that it does produce is information that the IRS does not now already possess, such information will only be irrelevant and overbroad information of another taxpayer as discussed above. This is information that is not being sought reasonably.

33. Upon information and believe WF also previously sent information to Mr. Zielke voluntarily. Thus, the IRS already possesses this information.

34. Because the IRS already possesses the information it seeks that is relevant to its examination this Court should quash the Summons.

### C. THE IRS IS ALREADY SEEKING THE DOCUMENTS FROM BANK OF MILLARD COUNTY CREDIT UNION AND WELLS FARGO

35. As previously set forth above under the *Powell* criteria, the IRS may not summon information it already possesses. *Powell*, 379 U.S. at 57–58.

36. If the IRS had a previous opportunity to examine the relevant records in detail and copy them, a court may infer that the IRS in fact possesses the records and quash the summons. See *United States v. Pritchard*, 438 F.2d 969 (5th Cir. 1971).

37. In this case the IRS is already seeking the information through summonses already issued to MCCU and WF.

38. The IRS has also summonsed the same banks to receive information that the taxpayers did not possess.

39. Those summonses are the subject of Consolidated Case No. 2:15-cv-00742-JNP-PMW.

40. If the summonses in those matters are deemed by the Court there to be enforceable information for DCL will be produced as requested in those summonses rendering these Summonses unnecessary and moot.

41. Because the IRS already seeking the information in another proceeding that is relevant to its examination this Court should quash the Summons.

### D. THE SUMMONS IS IMPERMISSIBLY OVERBROAD

42. When summonses are too broad, indefinite, and/or burdensome they will be found to constitute an unreasonable search in violation of the Fourth Amendment of the United States Constitution. Additionally, 26 USC § 7603 limits the summons power of the IRS by requiring that the materials sought be described with "reasonable" certainty. Furthermore, a summons should not be broader than necessary to achieve its purpose. See *United States v. Powell*, 379 U.S. at 58;

*United States v. Lewis*, 604 F. Supp. 1169 (E.D. La 1985); *United States v. Richards*, 479 F. Supp. 828, 833 (E.D. Va. 1979), aff'd, 631 F.2d 341 (4th Cir. 1980).

43. Respondent has requested documents that well exceed this standard.

44. This request will provide information that it is already seeking through a related examination of the taxpayers. The information now sought is redundant and therefore not relevant to the taxpayers' examination.

45. Further, because the request is so inclusive it renders the request impermissibly vague and indefinite and ultimately amounts to an improper fishing expedition.

46. A document demand for "all information which would be necessary to enable a representative of the IRS to properly determine total income earned or sources of funds received" was considered overbroad and in violation of the Fourth Amendment. See also *United States v. Klir*, 47 AFTR2d 81-1399 (E.D. Tex. 1979), aff'd by unpub. order, 644 F.2d 33 (5th Cir. 1981), wherein a case involving a similar provision, the court reasoned that because the respondents were forced to determine whether documents were relevant, it would be impossible to enforce the summons by a contempt proceeding.

47. The IRS may not conduct an unfettered "fishing expedition" through a person's records, but "must identify with some precision the documents it wishes to inspect." See *Dauphin Deposit Trust Co.*, 385 F.2d 129, 131 (3d Cir. 1967).

48. In testing for overbreadth, the question is not whether the summons calls for the production of a large volume of records. Instead, the questions are rather, first did the summons describe the requested documents in enough detail to inform the summoned party of exactly what is to be produced,[3] and, second, may the summoned records be relevant to the inquiry.[4]

---

[3] *United States v. Abrahams*, 905 F.2d at 1282, 1285
[4] *In the Matter of the Tax Liabilities of John Does v. United States*, 866 F.2d 1015, 1021 (8th Cir. 1989)

49.     In this case the summons fails both of these tests for being impermissibly overbroad. First the information requests takes an approach which contemplates receiving information already sought and that is not specifically identified.

50.     Here the Respondent is seeking an "all records" type of request which is too broad under the *Powell* standard.

51.     Because the summons is impermissibly overbroad it should be quashed.

WHEREFORE, as set forth above, Petitioner respectfully requests this Court quash the IRS third-party Summonses served on MCCU, Zions, and WF in the matter of DCL for the calendar years ending December 31, 2013 and December 31, 2014.

Respectfully submitted this 5th day of June, 2016.

        STOEL RIVES, LLP

        /s/ Paul W. Jones

        Paul W. Jones, #11688
        STOEL RIVES, LLP
        *Attorneys for the Petitioner*